IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES KIRVEN,

    Plaintiff,

v.                                                    CV 12-0687 JB/WPL

CURRY COUNTY DETENTION CENTER, et al.,

    Defendants.

**ORDER TO SUBMIT A *MARTINEZ* REPORT**

Charles Kirven brought this action against the Curry County Detention Center and Michael P. Sexton alleging violations of his constitutional rights. (Doc. 1.) Kirven claims that Sexton pushed him into a metal table, causing bodily injury. (*Id.*; Doc. 4.) Curry County Detention Center was dismissed after an initial screening of the complaint, but Sexton was ordered to file an answer. (Doc. 11; Doc. 25.) Defendant Sexton has timely filed an answer to Kirven's complaint. (Doc. 28.)

In a suit brought by a *pro se* prisoner, the Court may order the defendants to investigate the incident underlying the suit and to submit a report, known as a "*Martinez* report," of the investigation. *See Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991); *Martinez v. Aaron*, 570 F.2d 317, 319-20 (10th Cir. 1978). The *Martinez* report assists the Court in determining whether there is a factual and legal basis for the prisoner's claims. *See Hall*, 935 F.2d at 1109. The Court may use the *Martinez* report in a variety of procedural situations, including when deciding whether to grant summary judgment, either on motion or *sua sponte*. *See id.* at 1109-13; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) (noting that district courts have the power to

enter summary judgment *sua sponte*, as long as the opposing party was on notice that she had to come forward with all her evidence). But the prisoner must be given an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109.

### Directions for Preparing the *Martinez* Report

Defendants' *Martinez* report must address the allegations against them as well as any defenses raised in their answers that they wish to pursue. Defendants must abide by the following instructions in preparing their report.

1) The report must include a written brief that discusses the Plaintiff's claims. Factual assertions in the briefs must be supported by proof, such as affidavits or documents. *See Hayes v. Marriott*, 70 F.3d 1144, 1147-48 (10th Cir. 1995).

2) The report must state whether records, including video recordings, pertaining to the allegations exist.

3) The report must state whether policies or regulations addressing the allegations exist.

4) If relevant records, policies, or regulations do exist, copies must be included as attachments to the reports. The attachments should be arranged in a logical order and must be properly authenticated by affidavits. *See Farmers Alliance Mut. Ins. Co. v. Naylor*, 452 F. Supp. 2d 1167, 1176-77 (D.N.M. 2006).

The *Martinez* report must be filed and served on the Plaintiff no later than **March 21, 2013.** The Plaintiff must file his response or objections to the report no later than **April 22, 2013**. Defendants must file their reply, if any, no later than **May 6, 2013**.

The parties are hereby given notice that the *Martinez* report may be used in deciding whether to grant summary judgment, either by motion or *sua sponte*. Therefore, the parties should submit whatever materials they consider relevant to Plaintiff's claims.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.