## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

CHARLES KIRVEN,

      Plaintiff,

v.                                       CV 12-0687 JB/WPL

CURRY COUNTY DETENTION CENTER, et al.,

      Defendants.

## ORDER FINDING MOTION TO COMPEL MOOT
## AND DENYING APPOINTMENT OF COUNSEL

This matter is before me on two motions from Charles Kirven: a motion to compel (Doc. 23) and a motion to appoint counsel (Doc. 24). Turning first to the motion to compel, I have ordered Defendant to prepare a *Martinez* report in this matter. (Doc. 29.) If there are any video recordings documenting the incident, they should be disclosed pursuant to the order for a *Martinez* Report. Thus, I find Kirven's motion to compel discovery moot in light of my order.

As for the motion to appoint counsel, there is no Sixth Amendment right to appointed counsel in a civil proceeding. *See Macquish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988). When a plaintiff is proceeding pursuant to 28 U.S.C. § 1915, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). In deciding whether to appoint counsel, a court should consider the following factors: the merits of the claims, the nature and complexity of the factual and legal issues raised in the claims, and the litigant's ability to investigate the facts and present the claims. *Id.* A decision to deny counsel will only be

overturned when it results in fundamental unfairness. *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006).

Based on an initial review of the record, Kirven appears to understand the issues in the case and to be representing himself in an intelligent and capable manner. Therefore, the interests of justice do not require the appointment of counsel at this time, so I deny his motion to appoint counsel.

IT IS SO ORDERED.

_____
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.